```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

AKSHAYRAJ, INC.,              :   Civil Action No. 06-2002 (NLH)
et al.,                       :
                              :
        Plaintiffs,           :
                              :
     v.                       :   OPINION
                              :
GETTY PETROLEUM               :
MARKETING, INC. and           :
LUKOIL AMERICAS CORPORATION,  :
                              :
        Defendants.           :
```

**APPEARANCES:**

Lisa J. Rodriguez, Esquire
Trujillo, Rodriguez & Richards, LLP
8 Kings Highway West
Haddonfield, NJ 08033

Kendall S. Zylstra, Esquire (pro hac vice)
Stephen Connolly, Esquire (pro hac vice)
Jerome M. Marcus, Esquire (pro hac vice)
Farqui & Farqui, LLP
2600 Philmont Ave, Suite 324
Huntington Valley, PA 19006

   *Attorneys for Plaintiffs*

Henry H. Janssen, Esquire
Gregory D. Saputelli, Esquire
Amanda Wyeth Figland, Esquire
Matthew Adam Green, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
20 Brace Road
Suite 300
Cherry Hill, NJ 08034

   *Attorneys for Defendants*

**HILLMAN**, District Judge

This matter has come before the Court on the motion of defendant Lukoil Americas Corporation ("Lukoil") to dismiss plaintiffs' claims against it for lack of personal jurisdiction.

The Court addressed this issue in its previous Opinion (see Dec. 20, 2007 Op. at 17-20), and plaintiffs were given an additional 20 days to provide evidence of Lukoil's contacts with New Jersey. Plaintiffs provided their evidence within 20 days.

A restatement of the standard for analyzing personal jurisdiction is helpful.  Jurisdiction under a state's long arm statute is measured by the defendant's specific contacts with the state.  A court can exercise jurisdiction over an out-of-state defendant only if it purposefully avails itself of the privilege of conducting activities within the forum State.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  To prove that a defendant has purposefully availed itself of that state, a plaintiff may rely upon a defendant's specific contacts with the forum state, and specific jurisdiction is invoked when a claim is related to or arises of out the defendant's contacts with the forum.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).  In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum and the litigation."  Keeton v. Hustler, 465 U.S. 770 (1984).

If a defendant does not have specific contacts with the state, a court may exercise general jurisdiction if the defendant has maintained "continuous and systematic contacts" with the forum state.  Helicopteros, 466 U.S. at 416.  To establish

2

general jurisdiction the plaintiff must show significantly more than mere minimum contacts with the forum state.  Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).

Once minimum contacts have been established, a court may inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Corporation, 471 U.S. at 476 (citations omitted).  For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

If personal jurisdiction in contested, the plaintiff bears the burden to produce actual evidence, through sworn affidavits or other competent evidence, and not through bare pleadings alone, of the defendant's contacts with the forum.  Id. (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 and n.9 (3d Cir. 1984)).  When the court does not hold an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, however, "the plaintiff need only establish a *prima facie* case of personal jurisdiction," Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004), and the court must accept the plaintiff's evidence as true and resolve all disputed facts and draw all reasonable inferences in its favor. Id.

Plaintiffs' evidence of Lukoil's contacts with New Jersey

3

consists of a certification of J. Martin Futrell, Esquire, who states that he visited the website www.lukoilsamericas.com, which describes the Lukoil Fleet Card, Business Card, and Universal Card fleet programs.  Futrell states that the webpages "offer interactive links to allow individuals, including citizens of New Jersey and Pennsylvania, including myself had I so chosen, to apply for cards online through" Lukoil's website.  (Futrell Cert. ¶ 2.)  Futrell has attached print-outs from the website showing the fleet card program description and application.  Lukoil has opposed the sufficiency of this evidence.

As a primary matter, "The mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 453 (3d Cir. 2003).  "Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." Id.  Further, whether jurisdiction can be established based on a defendant's website depends on the nature of the site:

> The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with

4

> residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

<u>Zippo Mfg. Co. v. Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), cited in <u>Remick v. Manfredy</u>, 238 F.3d 248, 259 (3d Cir. 2001) (adopting the analysis of <u>Remick v. Manfredy</u>, 52 F. Supp. 2d 452, 457 (E.D. Pa. 1999) but reversing on other grounds).

Plaintiffs' evidence regarding the website and credit card program must be placed in the context of this litigation as a whole and Lukoil's own representations of its ties with New Jersey. The crux of plaintiffs' complaint is that when defendants changed their service stations from Mobil to Lukoil, defendants violated the PMPA and other state laws. These alleged violations consisted of the change from a Mobil branded station to a generic Lukoil station, as well as the sale of generic Lukoil gasoline instead of branded Mobil gasoline.

In opposition to plaintiffs' allegations, defendants emphasized that "Lukoil" is a trademark, which is owned and controlled by Lukoil Americas Corporation. (See, e.g., Docket

5

No. 30 at 1.)  Defendants state that the plaintiffs' service stations were all rebranded with the Lukoil trademark, and that they have spent "over twenty-five million dollars since January 2005 in supporting, promoting and advertising the Lukoil motor fuel brand for sale to the motoring public at retail service stations in the United States, including but not limited to, the States of New Jersey and Pennsylvania." (Docket No. 8 at 20.) Defendants also state,

> The sale or distribution of motor fuel bearing the LUKOIL trademark, as licensed to Getty, occurs across State lines, including but not limited to the LUKOIL branded motor fuel which is sold at retail branded service stations in Pennsylvania and New Jersey.  The motor fuel is transported across state lines by pipeline, barges or trucks to various terminals where it is delivered to carriers, which transport the same, often across state lines again, to LUKOIL branded retail service station sites in Pennsylvania and New Jersey.  LUKOIL branded motor fuel service stations sell the LUKOIL branded motor fuel to the motoring public, including but not limited to those members of the motoring public engaged in interstate transportation, such as at the LUKOIL branded service stations on the Garden State Parkway.

(Docket No. 8, De Laurentis Aff. ¶ 7.)

Based on defendants' collective statements alone, Lukoil Americas Corporation is a New York corporation that has clearly purposefully availed itself of doing business in New Jersey by having its brand and trademark marketed in this state.  As defendants state, "Marketing of LUKOIL motor fuel is plainly 'in commerce.'"  (Docket No. 8 at 10).  Furthermore, Lukoil's own product--its gasoline--is shipped to Lukoil-branded service

6

stations in New Jersey for sale in New Jersey to New Jersey customers, with the ultimate purpose of making money from the sales of its gasoline to New Jersey residents.  All of this conduct, admitted to by Lukoil, evidences that Lukoil has "continuous and systematic contacts" with New Jersey, purposefully avails itself of the privilege of conducting activities within New Jersey, and derives a benefit from having its trademark marketed and product sold in New Jersey.  Thus, its presence in this Court is reasonable and would not violate "fair play and substantial justice."  See Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 112  (1987) (stating that the placement of a product into the stream of commerce, along with additional conduct of the defendant that may indicate an intent or purpose to serve the market in the forum State, demonstrates that defendant purposefully directed it activities toward the forum State, and giving examples, such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State"); see also Penzoil Products Co. v. Colelli & Associates, Inc., 149 F.3d 197, 207 (3d Cir. 1998) (personal jurisdiction over seller of solvent proper in Pennsylvania when seller sold its solvent to crude oil producers which sold its oil to oil refinery in Pennsylvania

7

because the seller purposefully availed itself of the laws of Pennsylvania by deriving financial benefit from its customers' sale of crude oil to Pennsylvania refineries).

Placed in this context, plaintiffs' evidence, while otherwise thin when standing alone, is sufficient to establish personal jurisdiction over Lukoil. Lukoil's website is not simply a passive one. Lukoil actively solicits customers to apply for its credit card, and with that credit card, purchase its gasoline at Lukoil-branded service stations. Thus, through its credit card program on its website, Lukoil is clearly doing business over the Internet to further and advance its sale of gasoline products to its licensees in New Jersey and elsewhere. This interactive business designed to facilitate the sale of gasoline in New Jersey demonstrates that Lukoil has "'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." Toys "R" Us, Inc., 318 F.3d at 453.

Consequently, Lukoil's motion to dismiss for lack of personal jurisdiction must be denied. An appropriate Order will be entered.

Date: April 11, 2008            s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

8