```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY

AKSHAYRAJ, INC.,              :    Civil Action No. 06-2002 (NLH)
et al.,                       :
                              :
        Plaintiffs,           :
                              :
     v.                       :    ORDER
                              :
GETTY PETROLEUM               :
MARKETING, INC. and           :
LUKOIL AMERICAS CORPORATION,  :
                              :
        Defendants.           :
                              :
```

This matter having come before the Court on the motion of Gilberto Felix and Jonathan Lee Riches, both appearing *pro se* and both currently incarcerated at FCI Williamsburg, to intervene in this case; and

Felix and Riches claiming that they should be permitted to intervene in this case pursuant to Federal Civil Procedure Rules 24(a)[1] and 24(b)[2]; and

---

[1] Fed. R. Civ. P. 24(a) relates to an "intervention of right," and provides,

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

[2] Fed. R. Civ. P. 24(a) relates to a "permissive intervention," and provides,

> On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or

Felix and Riches claiming that they have "an interest in the case," their intervention "presents questions of laws and facts that are common in this action," and that they have "newly discovered evidence" related to this case regarding how defendants violated "federal laws and civil rights"; and

The federal rule regarding intervention providing,

> A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought,

Fed. R. Civ. P. 24(c); and

The Court noting that Felix and Riches have failed to comply with Rule 24(c), in that it appears that (1) they have not served their motion upon the parties in the case, (2) they have failed to articulate, other than making conclusory statements, the grounds for their intervention, and (3) they have failed to provide a complaint setting out the claims for which intervention is sought[3];

---

defense that shares with the main action a common question of law or fact; and

[3] The Court also notes that this case involves claims by gasoline service stations against Getty and Lukoil for their alleged violations of the Petroleum Marketing Practices Act and other violations regarding the pricing of gasoline. It is unclear how these potential intervenors' claims of civil rights violations can be related to this action.

Therefore,

**IT IS HEREBY** on this 18th day of August, 2008

**ORDERED** that the motion for intervention of Gilberto Felix and Jonathan Lee Riches [128] is **DENIED**.[4]

                                                  s/ Noel L. Hillman

At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[4] See, e.g., SEC v. Investors Sec. Leasing Corp., 610 F.2d 175, 177-78 (3d Cir. 1979) (denying motion to intervene because the requirements of Rule 24(c) were not complied with).