```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

AKSHAYRAJ, INC.,                  :   Civil Action No. 06-2002 (NLH)
et al.,                           :
                                  :
         Plaintiffs,              :
                                  :
     v.                           :   **OPINION**
                                  :
GETTY PETROLEUM                   :
MARKETING, INC. and               :
LUKOIL AMERICAS CORPORATION,      :
                                  :
         Defendants.              :

**APPEARANCES:**

Lisa J. Rodriguez, Esquire
Trujillo, Rodriguez & Richards, LLP
8 Kings Highway West
Haddonfield, NJ 08033

Kendall S. Zylstra, Esquire (pro hac vice)
Stephen Connolly, Esquire (pro hac vice)
Jerome M. Marcus, Esquire (pro hac vice)
Farqui & Farqui, LLP
2600 Philmont Ave, Suite 324
Huntington Valley, PA 19006

   *Attorneys for Plaintiffs*

Henry H. Janssen, Esquire
Gregory D. Saputelli, Esquire
Amanda Wyeth Figland, Esquire
Matthew Adam Green, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
20 Brace Road
Suite 300
Cherry Hill, NJ 08034

   *Attorneys for Defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on the motion of defendant Lukoil Americas Corporation ("LAC") for reconsideration of the Court's April 11, 2008 Opinion and Order denying its

motion to dismiss plaintiffs' claims against it for lack of personal jurisdiction. Plaintiffs have not opposed this motion. For the reasons expressed below, LAC's motion will be granted.

**A.   Standard for Motion for Reconsideration**

Local Civil Rule 7.1(i) governs a motion for reconsideration. It provides, in relevant part, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion." A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Id. The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Asset Mgmt.,

2

L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

**B. Analysis**

In the Court's April 11, 2008 Opinion, the Court found that LAC has sufficient contacts with New Jersey to warrant this Court's exercise of personal jurisdiction over LAC. LAC argues that the contacts the Court considered sufficient are not attributable to LAC, because (1) it is simply a holding company, (2) it does not have a contractual franchise relationship with plaintiffs (Getty does), (3) it does not sell or supply gasoline to the franchisees (Getty does), (4) it does not own the Lukoil trademark (Lukiol Oil Company does and licenses it to Getty), and (5) it did not spend over twenty-five million dollars in supporting the Lukoil motor fuel brand (Getty has).

Further, LAC challenges, which it did in its original motion to dismiss, the only evidence provided by plaintiffs to support their burden of establishing LAC's minimum contacts. That evidence consisted of a certification of J. Martin Futrell, Esquire, who stated that he visited the website

3

www.lukoilsamericas.com, which describes the Lukoil Fleet Card, Business Card, and Universal Card fleet programs. Futrell stated that the webpages "offer interactive links to allow individuals, including citizens of New Jersey and Pennsylvania, including myself had I so chosen, to apply for cards online through" Lukoil's website. (Futrell Cert. ¶ 2.) Futrell also attached print-outs from the website showing the fleet card program description and application. The Court held that this evidence was sufficient to establish personal jurisdiction over Lukoil because

> Lukoil's website is not simply a passive one. Lukoil actively solicits customers to apply for its credit card, and with that credit card, purchase its gasoline at its service stations. Thus, through its credit card program on its website, Lukoil is clearly doing business over the Internet, ostensibly with New Jersey residents, and Lukoil is entering into contracts with customers, who ostensibly live in New Jersey. This interactive business with New Jersey residents through its website demonstrates that Lukoil has "'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." Toys "R" Us, Inc., 318 F.3d at 453.

(April 11, 2008 Op. at 8.)

LAC argues that plaintiffs' evidence regarding the website is insufficient because it does not indicate who owns or operates the website and credit card program. Additionally, LAC argues that this evidence is insufficient because LAC does not "have

4

gasoline products" or "licensees."

The Court agrees with LAC that the contacts of the three entities--LAC, Getty, and Lukoil Oil Company--were inappropriately commingled and attributed to LAC. The Court also agrees with LAC that plaintiffs' evidence regarding the website is insufficient to meet its burden of proving personal jurisdiction. That is because the Court's approval of the website as a sufficient contact was based on the commingling of contacts, as well as on the unsupported assumption that LAC "actively solicits customers" via the website. Thus, because plaintiffs' did not meet their burden[1] of establishing personal jurisdiction over LAC, LAC should no longer be a party to this action.

Accordingly, LAC's motion for reconsideration must be granted, and the Court's April 11, 2008 Order denying LAC's motion to dismiss must be vacated. An appropriate Order will be entered.

Date: August 27, 2008          s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[1] If personal jurisdiction in contested, the plaintiff bears the burden to produce actual evidence, through sworn affidavits or other competent evidence, and not through bare pleadings alone, of the defendant's contacts with the forum. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 and n.9 (3d Cir. 1984).

5