```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

AKSHAYRAJ, INC.,                :   Civil Action No. 06-2002 (NLH)
et al.,                         :
                                :
          Plaintiffs,           :
                                :
     v.                         :   OPINION
                                :
GETTY PETROLEUM                 :
MARKETING, INC. and             :
LUKOIL AMERICAS CORPORATION,    :
                                :
          Defendants.           :
```

**APPEARANCES:**

Lisa J. Rodriguez, Esquire
Trujillo, Rodriguez & Richards, LLP
8 Kings Highway West
Haddonfield, NJ 08033

Kendall S. Zylstra, Esquire (pro hac vice)
Stephen Connolly, Esquire (pro hac vice)
Jerome M. Marcus, Esquire (pro hac vice)
Farqui & Farqui, LLP
2600 Philmont Ave, Suite 324
Huntington Valley, PA 19006

    *Attorneys for Plaintiffs*

Henry H. Janssen, Esquire
Gregory D. Saputelli, Esquire
Amanda Wyeth Figland, Esquire
Matthew Adam Green, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
20 Brace Road
Suite 300
Cherry Hill, NJ 08034

    *Attorneys for Defendants*

**HILLMAN**, District Judge

## I. BACKGROUND

This case, which began with plaintiffs' request for a preliminary injunction to prevent the rebranding of their Mobil gasoline stations to Lukoil, has a long procedural history.  The preliminary injunction was denied, and all of plaintiffs' claims have been dismissed from the case except for Count IV for breach of the implied covenant of good faith and fair dealing, which survived defendants' motion to dismiss.[1]  Defendants have now moved for summary judgment on Count IV with regard to plaintiffs NC Enterprises [Docket No. 97], Graner's Mobil d/b/a Graner's Service Station [Docket No. 110], and Quick Flow, Inc. [Docket No. 111].[2]  Plaintiffs NC Enterprises and Graner's have opposed defendants' motions, while plaintiff Quick Flow has not[3].

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where the Court is satisfied

---

[1] By Court order and private resolution, the claims of several of the plaintiffs have already been resolved.  After the resolution of defendants' instant motions with regard to these three plaintiffs, the claims of over two dozen plaintiffs still remain pending.

[2] Plaintiff Quick Flow, Inc. had filed a separate, but identical, complaint, Civil Action No. 06-2954.  By order of the Court, Quick Flow's action was consolidated with this case. (See Docket No. 42.)

[3] As discussed below, since the filing of defendants' motion, plaintiffs Graner's and Quick Flow, Inc. have voluntarily dismissed their actions against defendants, and defendants have filed a motions to withdraw their motions for summary judgment.

that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported

3

motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

> **B.   Defendants' motion for summary judgment on the claims of plaintiff NC Enterprises**

Plaintiff NC Enterprises's ("NCE") remaining claim against defendants alleges that defendants' actions breached the implied covenant of good faith and fair dealing by setting prices for Lukoil gasoline "arbitrarily, unreasonably, and capriciously and with the objective of depriving the Plaintiffs of their reasonable contractual expectations by a) artificially inflating the price charged by the Plaintiffs for gasoline; b) charging unreasonably high prices in excess of the prices charged by other suppliers in the market; and c) charging the Plaintiffs discriminatory prices that wrongfully favor company operated gasoline stations to the Plaintiffs' detriment" (Count IV).

The New Jersey Supreme Court has articulated a test for determining whether the implied covenant of good faith and fair dealing has been breached:

> [A] party exercising its right to use discretion in
> setting price under a contract breaches the duty of
> good faith and fair dealing if that party exercises its
> discretionary authority arbitrarily, unreasonably, or
> capriciously, with the objective of preventing the

4

> other party from receiving its reasonably expected
> fruits under the contract. Such risks clearly would be
> beyond the expectations of the parties at the formation
> of a contract when parties reasonably intend their
> business relationship to be mutually beneficial. They
> do not reasonably intend that one party would use the
> powers bestowed on it to destroy unilaterally the
> other's expectations without legitimate purpose.

<u>Wilson v. Amerada Hess Corp.</u>, 773 A.2d 1121, 1130 (N.J. 2001).

Defendants argue that they are entitled to summary judgment on this claim because NCE had not yet converted to a Lukoil station when these claims were made (in May 2006), and despite believing that the rebranding to Lukoil would result in such injuries, in November 2006, NCE voluntarily agreed to rebrand its station to Lukoil.  Because NCE agreed to continue its business with Lukoil, defendants argue that they could not have breached the implied covenant of good faith and fair dealing since NCE was not deceived out of its reasonable expectations of the contract.

NCE does not dispute that after the filing of the complaint, it voluntarily entered into an agreement with defendants to rebrand its station.  NCE argues, however, that its claim should not be disposed of because even though it was not a Lukoil station when the complaint was filed, it has standing to maintain such a claim because it ripened once NCE became a Lukoil franchise.  NCE also argues that the agreement it entered into with defendants explicitly did not waive the claims it had already asserted against them.  Finally, NCE argues that "the fact that Plaintiff predicted that the conversion from Mobil to

5

Lukoil would have negative consequences for his business after being notified of that impending conversion has no logical bearing on his expectations upon entering into the franchise agreement with Mobil." (Pl. Opp. at 4-5.)

NCE's arguments are unpersuasive.[4] In order to maintain its claim for breach of the implied covenant of good faith and fair dealing, NCE must prove that defendants had the objective of preventing NCE from receiving its reasonably expected fruits under the contract. When NCE's complaint was filed, defendants had not yet prevented NCE from receiving its reasonably expected fruits under the contract because defendants had not yet "a) artificially inflat[ed] the price charged by the Plaintiffs for gasoline; b) charg[ed] unreasonably high prices in excess of the prices charged by other suppliers in the market; and c) charg[ed] the Plaintiffs discriminatory prices that wrongfully favor company operated gasoline stations to the Plaintiffs' detriment," as alleged in the complaint. It was only after NCE converted to Lukoil did NCE's claims purportedly ripen. Thus, once it converted to Lukoil, NCE's injury may have actualized in order to confer it standing to maintain its claim against defendants. Proper standing, however, also requires NCE to show that

---

[4]Because defendants do not argue that NCE waived or settled its claim when it entered into its "settlement agreement," the Court will not address NCE's argument based on that document.

6

defendants caused its injury.[5]  NCE cannot do so.

As defendants point out, when NCE entered into an agreement with defendants in November 2006, NCE did so believing that defendants artificially inflated prices, charged unreasonable prices, and favored company operated stations.  Because NCE already believed this conduct of defendants when it converted to a Lukoil-branded station, it cannot be said that defendants had the objective of preventing NCE from receiving its reasonably expected fruits under the contract since NCE allegedly received what it believed to be defendants' conduct after conversion.  Ironically, if after conversion defendants did not artificially inflate or charge unreasonable prices, or favor company-operated stations, defendants could be held to have prevented NCE from receiving its reasonably expected fruits under the contract because NCE expected the opposite "fruits."

The Court makes no finding as to whether defendants have

---

[5]In order to maintain a claim, a plaintiff must have suffered an "injury in fact" as required by the "case and controversy" requirement of Article III.  In order to establish an injury in fact, a plaintiff must have suffered an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (citations omitted).  Additionally, there must be a causal connection between the injury and the conduct complained of; that is, the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  <u>Id.</u> (citations omitted).  It must also be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision.  <u>Id.</u> at 561. (citations omitted).

7

actually acted in bad faith with regard to pricing; rather, the Court finds that NCE cannot maintain its bad faith claim because NCE cannot prove defendants caused NCE any injury.  Consequently, defendants are entitled to summary judgment on NCE's remaining claim in this action.

    **C.   Defendants' motion for summary judgment on the claims of plaintiff Graner's Mobil**

Plaintiff Graner's Mobil's only remaining claim is for breach of the implied covenant of good faith and fair dealing. Defendants have moved for summary judgment on this claim, arguing that because Graner's did not experience "shrinking volumes of gasoline sold" due to the allegedly bad faith pricing practices of defendants, they are entitled to summary judgment.  Graner's has opposed defendants' motion.

Subsequent to the filing of defendants' motion and Graner's opposition, the deposition of Joseph Graner was conducted on July 25, 2008.  On August 14, 2008, defendants then filed a motion to file a supplemental reply brief to address Graner's deposition testimony.  The next day, however, the parties entered into a stipulation of dismissal with prejudice of Graner's claims against defendants.  Following the entry of this stipulation, defendants filed two more motions on August 25, 2008--one to withdraw their motion for summary judgment and the other to withdraw their motion to file a supplemental brief.  Because of these developments, the Court will sign and enter the stipulation

8

of dismissal, and deny as moot all pending motions with regard to Graner's.

### D. Defendants' motion for summary judgment on the claims of plaintiff Quick Flow, Inc.

As with plaintiffs NCE and Graner's, the only remaining claim of plaintiff Quick Flow, Inc. is Count IV for breach of the implied covenant of good faith and fair dealing. Defendants have moved for summary judgment on this claim because Quick Flow signed a general release, which defendants contend settled Quick Flow's claim against them. Quick Flow did not oppose the motion.

As with Graner's, since the filing of defendants' motion, Quick Flow has voluntarily dismissed its action against defendants. Defendants then moved to withdraw their motion for summary judgment. Based on these developments, the Court will sign and enter the stipulation of dismissal, and deny as moot all pending motions with regard to Quick Flow.

### III. CONCLUSION

For the reasons expressed above, Defendants' motion for summary judgment with regard to the claims of plaintiff NC Enterprises will be granted. The stipulations of dismissal with regard to Graner's and Quick Flow will be signed and entered, and all pending motions with regard to those two plaintiffs will be denied as moot. An appropriate Order will be entered.

Date: August 27, 2008                   s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.