```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

AKSHAYRAJ, INC.,               :   Civil A. No. 06-2002 (NLH)(AMD)
et al.,                        :
                               :
        Plaintiffs,            :
                               :
    v.                         :   **OPINION**
                               :
GETTY PETROLEUM                :
MARKETING, INC. and            :
LUKOIL AMERICAS CORPORATION,   :
                               :
        Defendants.            :

**APPEARANCES:**

Lisa J. Rodriguez, Esquire
Trujillo, Rodriguez & Richards, LLP
8 Kings Highway West
Haddonfield, NJ 08033

Stephen Connolly, Esquire (pro hac vice)
Farqui & Farqui, LLP
2600 Philmont Ave, Suite 324
Huntington Valley, PA 19006

   *Attorneys for Plaintiffs*

Henry H. Janssen, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
20 Brace Road
Suite 300
Cherry Hill, NJ 08034

   *Attorneys for Defendants*

**HILLMAN**, District Judge

   **I.   BACKGROUND**

   This case, which began with plaintiffs' request for a preliminary injunction to prevent the rebranding of their Mobil gasoline stations to Lukoil, has a long procedural history. The preliminary injunction was denied, and all of plaintiffs' claims

have been dismissed from the case except for Count IV for breach of the implied covenant of good faith and fair dealing, which survived defendants' motion to dismiss pursuant to Federal Civil Procedure Rule 12(b)(6). Defendants have now moved for judgment on the pleadings pursuant to Rule 12(c) as to Count IV with regard to the three remaining plaintiffs, Heritage Fuels Inc., Heritage Gas Inc., and Heritage Oil Inc. Plaintiffs have opposed defendants' motion.

Also before the Court is plaintiffs' appeal of the magistrate judge's order denying the extension of discovery, and defendants' cross-appeal of the magistrate judge's order sealing plaintiffs' motion to withdraw as counsel. Oral argument on all three pending motions was held on April 7, 2009. For the reasons expressed below, defendants' motion for judgment on the pleadings will be granted, and the parties' appeals of the magistrate judge's orders will be denied as moot.

**II. DISCUSSION**

    **A.    Standard for Judgment on the Pleadings**

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed. Fed. R. Civ. P. 12(c); <u>Turbe v. Gov't of V.I.</u>, 938 F.2d 427, 428 (3d Cir. 1991). In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6). <u>Turbe</u>, 938 F.2d at 428. Thus, a court must accept all

well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

**B.   Defendants' motion for judgment on the pleadings**

Plaintiffs' remaining claim against defendants alleges that defendants' actions breached the implied covenant of good faith and fair dealing by defendants' "pricing under the open pricing terms contained in the Franchise Agreement," and by defendants setting prices for Lukoil gasoline "arbitrarily, unreasonably, and capriciously and with the objective of depriving the Plaintiffs of their reasonable contractual expectations" (Count IV).

Defendants argue that they are entitled to judgment on the pleadings because a claim for breach of the implied covenant of good faith and fair dealing is not cognizable in these circumstances under Pennsylvania law.  Plaintiffs counter that New Jersey law applies, and New Jersey allows for such a claim. Plaintiffs also argue that even if Pennsylvania law applies, their claim is permitted.

Defendants' arguments are availing.  First, Pennsylvania law applies, because pursuant to the Petroleum Practice Marketing Act, the substantive law of the franchisee's principal place of business determines the law governing the construction of the franchise agreement.  See 15 U.S.C. § 2805(f)(2) ("No provision

3

of any franchise shall be valid or enforceable if the provision specifies that the interpretation or enforcement of the franchise shall be governed by the law of any State other than the State in which the franchisee has the principal place of business of the franchisee."); Getty Petroleum Marketing, Inc. v. Shipley Fuels Marketing, LLC, 2007 WL 2844872, 12 (E.D. Pa. 2007) (finding that because the franchisee maintained its principal place of business within Pennsylvania, Pennsylvania law applied to the Agreement). Here, because the plaintiffs' gas stations are located in Pennsylvania, Pennsylvania law applies.[1]

---

[1] Even under the New Jersey choice of law analysis, which would govern because a court sitting in diversity must follow the substantive choice-of-law rules of the forum state, Robeson Industries Corp. v. Hartford Acc. & Indem. Co., 178 F.3d 160, 165 (3d Cir. 1999), the Court must apply the law of Pennsylvania. New Jersey's choice-of-law rule applies a flexible "governmental-interest" standard, which requires application of the law of the state with the greatest interest in resolving the particular issue that is raised in the underlying litigation. Gantes v. Kason Corp., 679 A.2d 106, 109 (N.J. 1996). This is a two-step process. The initial prong of the governmental-interest analysis entails an inquiry into whether there is an actual conflict between the laws of the respective states. Id. In this case, there is an actual conflict between the laws of New Jersey and Pennsylvania because New Jersey provides a broader scope for breach of implied covenant of good faith and fair dealing claims than Pennsylvania. Compare Wilson v. Amerada Hess Corp., 773 A.2d 1121, 1130 (N.J. 2001) with Amoco Oil Co. v. Burns, 437 A.2d 381, 384 (Pa. 1981). The second prong of the governmental-interest analysis seeks to determine the interest that each state has in resolving the specific issue in dispute. That analysis requires the court to "identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties." Gantes, 679 A.2d at 109. Here, plaintiffs' gas stations are located in Pennsylvania, and they have no connection whatsoever to New Jersey.

In Pennsylvania, the Third Circuit has interpreted and predicted Pennsylvania law on the issue of whether a plaintiff can maintain a claim for the breach of the implied covenant of good faith and fair dealing when a valid contract exists. The Third Circuit has held that under Pennsylvania law the implied covenant of good faith cannot modify or override express contractual terms. Bishop v. GNC Franchising LLC, 248 Fed. Appx. 298, 300 (3d Cir. 2007) (affirming Bishop v. GNC Franchising LLC 403, F. Supp. 2d 411, 418-19 (W.D. Pa. 2005) and citing Witmer v. Exxon Corp., 434 A.2d 1222, 1226-27 (Pa. 1981)). Even though courts have noted an exception to this rule in cases of franchise relationships, the implied covenant of good faith overrides contractual terms only in the context of franchise terminations. Id. (citing Atlantic Richfield Co. v. Razumic, 390 A.2d 736, 742 (Pa. 1978)).[2]

Here, plaintiffs claim that defendants breached the implied covenant of good faith and fair dealing by their "pricing under the open pricing terms contained in the Franchise Agreement." Thus, if the Franchise Agreement contains a provision that expressly deals with pricing and the remaining claim in this

---

[2] "[A] handful of Pennsylvania courts have considered the possibility of expanding the good faith duty beyond the termination exception" for franchisor/franchisee relationships; however, neither the Pennsylvania Supreme Court nor the Court of Appeals for the Third Circuit has extended the scope of the duty. See Bishop v. GNC Franchising LLC 403, F. Supp. 2d 411, 418-19 (W.D. Pa. 2005), aff'd, 248 Fed. Appx. 298, 300 (3d Cir. 2007).

5

action, fairly construed, amounts to a challenge to the contractual provision as written then plaintiffs' claim is not cognizable.

The Franchise Agreement provides,

> 2.2 <u>Prices</u>.  For each type or grade of Products purchased under this Agreement, Franchise Dealer shall pay GETTY the price that is in effect at the time and place of delivery for that type or grade of Products sold and delivered to Franchise Dealer's Marketing Premises at the time the Product is loaded into the truck at GETTY'S terminal or bulk plant for delivery to the Marketing Premises.  Unless otherwise specified by GETTY in writing, prices are prior to taxes and are subject to change by GETTY at any time and without notice.

Even though plaintiffs complain that defendants set the prices of the gasoline "arbitrarily, unreasonably, and capriciously and with the objective of depriving the Plaintiffs of their reasonable contractual expectations," and, thus, breached their general duty of good faith and fair dealing that is implied in every contract, Pennsylvania law does not provide for such a claim because the parties' contract (1) expressly addresses the pricing of gasoline, and (2) expressly permits Getty to charge a price fixed at a place and time, more specifically the daily terminal or bulk plant price, and further to change that price at any time without any notice.[3]  Since a contract term exists as to the pricing of the gasoline, there is

---

[3] Presumably the daily terminal or bulk plant price changes over time as a result of factors unrelated to the franchisor/franchisee relationship.

6

no need for the implied duty of good faith to serve the purpose of defining contractual relationships which have been left unexpressed by the parties.  See Witmer v. Exxon Corp., 434 A.2d 1222, 1227 (Pa. 1981).  Therefore, a claim that defendants breached Section 2.2 of the Franchise Agreement may sound in breach of contract,[4] but it cannot be maintained under Pennsylvania law as a breach of an implied covenant of good faith and fair dealing.  Consequently, judgment on the pleadings must be entered in favor of defendants.

    **C.**    **The parties' motions appealing the magistrate judge's orders**

Because defendants are entitled to judgment in their favor on plaintiffs' sole remaining claim, the appeals of the magistrate judge's decisions to not extend discovery and to seal plaintiffs' motion to withdraw as counsel are moot.  The Court notes, however, that as indicated during oral argument, the magistrate judge's decisions were not clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A); South Seas Catamaran, Inc. v. M/V Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988)(citation omitted) (stating that a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

---

[4] Plaintiffs had asserted such a claim (Count III), but that claim was previously dismissed by the Court.  (See December 20, 2007 Opinion at 14-16.)

7

mistake has been committed"); Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000) ("A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review.").

### III. CONCLUSION

For the reasons expressed above, defendants' motion for judgment on the pleadings will be granted.  The pending motions for appeal of the magistrate judge's decisions will be denied as moot.   An appropriate Order will be entered.


Date: April 8, 2009                    s/ Noel L. Hillman

At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.